UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Rosalind Brown,<br>    on behalf of herself and all<br>    others similarly situated,<br><br>               Plaintiffs,<br><br>v.<br><br>Ameriprise Financial Services, Inc.,<br>f/k/a/ American Express Financial<br>Advisors, Inc.,<br><br>               Defendant. | Civil File No. 09-CV-2413 (RHK/FLN)<br><br><br><br>**DEFENDANT AMERIPRISE**<br>**FINANCIAL SERVICES, INC.'S**<br>**ANSWER TO PLAINTIFF'S**<br>**COMPLAINT** |

For its Answer to Plaintiff's Complaint, Defendant Ameriprise Financial Services, Inc. ("Ameriprise Financial" or "Defendant") states in response to each of the numbered paragraphs as follows:

### GENERAL DENIAL

Ameriprise Financial denies each allegation contained in Plaintiff's Complaint unless it is explicitly admitted herein.

### SPECIFIC RESPONSES TO ALLEGATIONS IN COMPLAINT

1. In response to Paragraph 1 of the Complaint, states that it sets forth explanatory material to which no response is required.

2. In response to Paragraph 2 of the Complaint, admits that Plaintiff Rosalind Brown ("Plaintiff") purports to bring a class action seeking declaratory, injunctive and other equitable relief, and compensatory and punitive damages under the statutes identified in Paragraph 2. Denies that this matter properly may proceed as a class action and denies that Plaintiff or any putative class member is entitled to any relief whatsoever.

3.   In response to Paragraph 3 of the Complaint and the subparts thereof, denies the allegations therein.

4.   In response to Paragraph 4 of the Complaint, denies the allegations therein.

5.   In response to Paragraph 5 of the Complaint, denies the allegations therein.

6.   In response to Paragraph 6 of the Complaint, states that it sets forth legal conclusions to which no response is required.

7.   In response to Paragraph 7 of the Complaint, states that it sets forth legal conclusions to which no response is required.

8.   In response to Paragraph 8 of the Complaint, admits that Plaintiff is an African-American adult who once resided in Minnesota, and is a former employee of Ameriprise Financial.  States that it is without knowledge or information sufficient to admit or deny the allegations in the third, fourth, or fifth sentences thereof.  Denies the remainder of the allegations in Paragraph 8.

9.   In response to Paragraph 9 of the Complaint, denies the allegations therein.

10.  In response to Paragraph 10 of the Complaint, admits that Ameriprise Financial's corporate headquarters is located in Minneapolis, Minnesota.  States that Defendant Ameriprise Financial Services, Inc. was created on September 30, 2005, when it was spun off from American Express Company.  Prior to September 30, 2005, Defendant Ameriprise Financial Services, Inc. was known as American Express Financial Advisors, Inc.  Admits that the majority of Ameriprise Financial's United States-based salaried employees work in Minneapolis.  States that corporate Human Resources and employees who work in the corporate compensation group work out of corporate headquarters.

11.  In response to Paragraph 11 of the Complaint, states that it sets forth explanatory material to which no response is required.

12. In response to Paragraph 12 of the Complaint, admits that Plaintiff purports to bring this action on her own behalf and on behalf of a class of persons, but denies that this matter properly may proceed as a class action.

13. In response to Paragraph 13 of the Complaint, admits that Plaintiff purports to seek to represent a class of persons, but denies that Plaintiff could properly serve as a representative for this putative class and denies that this matter properly may proceed as a class action. Denies the remaining allegations in Paragraph 13.

14. In response to Paragraph 14 of the Complaint, states that it sets forth explanatory material to which no response is required.

15. In response to Paragraph 15 of the Complaint, denies the allegations therein, and further denies that this matter may proceed as a class action.

16. In response to Paragraph 16 of the Complaint and the subparts thereof, denies the allegations therein, and further denies that this matter properly may proceed as a class action.

17. In response to the first sentence of Paragraph 17 of the Complaint, denies the allegations therein, states that the Complaint identifies only a single representative party of the putative class, and further denies that this matter properly may proceed as a class action. In response to the second sentence of Paragraph 17 of the Complaint, admits that Plaintiff purports to allege she was discriminated against, but denies any such alleged discrimination.

18. In response to Paragraph 18 of the Complaint, denies the allegations therein, and further denies that this matter properly may proceed as a class action.

19. In response to Paragraph 19 of the Complaint, denies the allegations therein, and further denies that this matter properly may proceed as a class action.

20. In response to Paragraph 20 of the Complaint, denies the allegations therein, and further denies that this matter properly may proceed as a class action.

21. In response to Paragraph 21 of the Complaint, denies the allegations therein, and further denies that this matter properly may proceed as a class action.

22. In response to Paragraph 22 of the Complaint, states that it sets forth explanatory material to which no response is required.

23. In response to Paragraph 23 of the Complaint, denies the allegations therein, and further denies that this matter properly may proceed as a class action and that Plaintiff or any putative class members are entitled to any relief whatsoever.

24. In response to Paragraph 24 of the Complaint, denies the allegations therein.

25. In response to Paragraph 25 of the Complaint, denies the allegations therein.

26. In response to Paragraph 26 of the Complaint, denies the allegations therein.

27. In response to Paragraph 27 of the Complaint, denies the allegations therein, except to state that performance evaluation forms have been developed by Human Resources located at the corporate headquarters and that each supervisor is responsible for starting the performance evaluation process for his or her direct reports, and further states that an employee's performance is a factor when determining individual eligibility for raises and bonuses.

28. In response to Paragraph 28 of the Complaint, states that employees of Ameriprise Financial receive annual performance reviews which may be a factor to consider when determining compensation. Denies the remaining allegations of Paragraph 28.

29. In response to Paragraph 29 of the Complaint, states that performance reviews are a factor considered by supervisors and /or managers when making compensation decisions and that guidelines which consider performance ratings and

increases may exist for certain timeframes.  Denies the remaining allegations of Paragraph 29.

30. In response to Paragraph 30 of the Complaint, denies the allegations therein.

31. In response to Paragraph 31 of the Complaint, denies the allegations therein.

32. In response to Paragraph 32 of the Complaint, denies the allegations therein.

33. In response to Paragraph 33 of the Complaint, denies the allegations therein.

34. In response to Paragraph 34 of the Complaint, denies the allegations therein.

35. In response to Paragraph 35 of the Complaint, denies the allegations therein.

36. In response to Paragraph 36 of the Complaint, denies the allegations therein.

37. In response to Paragraph 37 of the Complaint, denies the allegations therein.

38. In response to Paragraph 38 of the Complaint, denies the allegations therein except to state that individual supervisors start the compensation process for their direct reports and consider a number of factors in making the decision.  With regard to the allegations in the second sentence, states that managers and supervisors are expected to exercise their business judgment in making individual compensation decisions for employees who report to them, but denies that the final numerical amounts rest solely within the "subjective discretion" of such managers and supervisors.  Denies the remaining allegations of Paragraph 38.

39. In response to Paragraph 39 of the Complaint, denies the allegations therein.

40. In response to Paragraph 40 of the Complaint, denies the allegations therein.

41. In response to Paragraph 41 of the Complaint, states that the allegations therein are too indefinite to admit or deny as stated, but denies that African American employees receive disproportionately lower salaries than similarly situated Caucasian employees.

42. In response to Paragraph 42 of the Complaint, states that the allegations therein are too indefinite to admit or deny as stated, but denies that African American employees receive disproportionately lower salaries than similarly situated Caucasian employees.

43. In response to Paragraph 43 of the Complaint, states that it has adopted salary ranges allowing, in theory, employees at lower job grades to be paid more than employees at higher grades. Denies the remaining allegations in Paragraph 43.

44. In response to Paragraph 44 of the Complaint, states that job grades are determined by Human Resources in consultation with business leaders and other employees and that job grade generally is a factor in determining salary range and eligibility in the first instance for bonuses and stock options.

45. In response to Paragraph 45 of the Complaint, denies the allegations therein.

46. In response to Paragraph 46 of the Complaint, denies the allegations therein.

47. In response to Paragraph 47 of the Complaint, denies the allegations therein.

48. In response to Paragraph 48 of the Complaint, denies the allegations therein.

49. In response to Paragraph 49 of the Complaint, denies the allegations therein.

50. In response to Paragraph 50 of the Complaint and the footnote appended thereto, denies the allegations therein.

51. In response to Paragraph 51 of the Complaint, denies the allegations therein.

52. In response to Paragraph 52 of the Complaint, denies the allegations therein.

53. In response to Paragraph 53 of the Complaint, denies the allegations therein.

54. In response to Paragraph 54 of the Complaint, denies the allegations therein.

55. In response to Paragraph 55 of the Complaint, states that at some point in time, in a given circumstance a manager may have identified a candidate for a posted or soon to be posted position and that fact would have been noted in the posting as a courtesy to potential job posters, but states that managers are expected to consider qualified candidates who post for a position. Denies the remaining allegations of Paragraph 55.

56. In response to Paragraph 56 of the Complaint, denies the allegations therein.

57. In response to Paragraph 57 of the Complaint, states that the allegations therein are too indefinite to understand, and on that basis denies them.

58. In response to Paragraph 58 of the Complaint, denies the allegations therein.

59. In response to Paragraph 59 of the Complaint, denies the allegations therein.

60. In response to Paragraph 60 of the Complaint, denies the allegations therein, except to state that employees who post for other positions within the Company are expected to advise their current supervisor prior to accepting a new position.

61. In response to Paragraph 61 of the Complaint, denies the allegations therein.

62. In response to Paragraph 62 of the Complaint, states that Plaintiff applied for three promotions between April 2007 and August 2008, and that the individuals selected for these positions happened to be Caucasian. Denies the remaining allegations of Paragraph 62.

63. In response to Paragraph 63 of the Complaint, denies the allegations therein.

64. In response to Paragraph 64 of the Complaint, denies the allegations therein.

65. In response to Paragraph 65 of the Complaint, denies the allegations therein.

66. In response to Paragraph 66 of the Complaint, denies the allegations therein.

67. In response to Paragraph 67 of the Complaint, denies the allegations therein.

68. In response to Paragraph 68 of the Complaint, admits that Plaintiff was employed by Ameriprise Financial for approximately nine years and worked in both employee relations and risk mitigation. Denies the remaining allegations of Paragraph 68.

69. In response to Paragraph 69 of the Complaint, states that Plaintiff applied for three promotions between April 2007 and August 2008 and was not awarded any of these positions. Denies the remaining allegations of Paragraph 69.

70. In response to Paragraph 70 of the Complaint, denies the allegations therein.

71. In response to Paragraph 71 of the Complaint, states that Plaintiff had a mid-year review in August 2008 with her then-supervisor, Jennifer Hafkey (who happens to be Caucasian), and was given a performance rating of G4/L4, which indicates "more is to be expected." States that it lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 71 and, therefore, denies the same.

72. In response to Paragraph 72 of the Complaint, states that Hafkey and Cathy Sweet telephoned Plaintiff in October 2008 to inform her that her job had been eliminated. Denies the remaining allegations of Paragraph 72.

73. In response to Paragraph 73 of the Complaint, denies the allegations therein.

74. In response to Paragraph 74 of the Complaint, admits that Plaintiff purports to have filed a charge of discrimination with the "Minnesota Department of Civil Rights." States that it lacks sufficient knowledge or information to admit or deny Plaintiff's allegation that she received a Right-to-Sue letter on June 8, 2009, and therefore, denies the same.

75. In response to Paragraph 75 of the Complaint, states that it sets forth explanatory material to which no response is required.

76. In response to Paragraph 76 of the Complaint, denies the allegations therein, and further denies that this matter properly may proceed as a class action.

77. In response to Paragraph 77 of the Complaint, states that it sets forth explanatory material to which no response is required.

78. In response to Paragraph 78 of the Complaint, denies the allegations therein.

79. In response to Paragraph 79 of the Complaint, denies the allegations therein.

80. In response to Paragraph 80 of the Complaint, states that it sets forth explanatory material to which no response is required.

81. In response to Paragraph 81 of the Complaint, states that the disparate-impact claim addressed therein has been dismissed by Judge Kyle's Memorandum Opinion and Order of April 16, 2010. Accordingly, no response is required.

82. In response to Paragraph 82 of the Complaint, states that the disparate-impact claim addressed therein has been dismissed by Judge Kyle's Memorandum Opinion and Order of April 16, 2010. Accordingly, no response is required.

83. In response to Paragraphs (a) through (g) contained in the "Prayer for Relief" section of the Complaint, denies that Plaintiff and/or any putative class members are entitled to any of the requested relief whatsoever.

## FIRST DEFENSE

84. The Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Ameriprise Financial upon which relief may be granted.

## SECOND DEFENSE

85. Some of the claims alleged in the Complaint are barred by the applicable statute of limitations.

## THIRD DEFENSE

86. Any employment actions allegedly taken with respect to Plaintiff and/or putative class members were based upon legitimate, nondiscriminatory reasons unrelated to their race.

## FOURTH DEFENSE

87. Any damages Plaintiff and/or putative class members allegedly suffered (which Ameriprise Financial denies) were the direct and proximate result of their failure to timely report alleged discrimination and, therefore, they are estopped and barred from recovery of damages from Ameriprise Financial.

### FIFTH DEFENSE

88. Plaintiff and/or putative class members have failed to reasonably mitigate their alleged damages, their entitlement to which is expressly denied.

### SIXTH DEFENSE

89. To the extent putative class members may have released claims against Ameriprise Financial, such claims are barred under the theories of accord and satisfaction, waiver, and/or by operation of the release agreement.

### SEVENTH DEFENSE

89. To the extent putative class members may have executed arbitration and/or class action waiver agreements, their claims cannot be pursued before this Court in this lawsuit.

### EIGHTH DEFENSE

90. Plaintiff is not entitled to class certification because she cannot satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.  An independent and individual analysis of Plaintiff's and putative class members' claims, and the various defenses to such claims, is required.

### NINTH DEFENSE

91. Plaintiff's claims set forth in the Complaint are barred to the extent that those claims exceed the scope of her administrative charge of discrimination.

### TENTH DEFENSE

92. Ameriprise Financial expressly denies any discrimination or unlawful motives in its dealings with Plaintiff and/or putative class members.  However, Ameriprise Financial further alleges that, even if an unlawful motive were found to exist, the challenged decisions concerning Plaintiff's and/or putative class members' employment still would have been made in the absence of the unlawful motive.

### ELEVENTH DEFENSE

93.     On the facts alleged in the Complaint, Plaintiff and/or putative class members are not entitled to injunctive relief.

### TWELFTH DEFENSE

94.     Plaintiff and/or putative class members have failed to exhaust their administrative remedies.

### THIRTEENTH DEFENSE

95.     Plaintiff's and/or putative class members' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### FOURTEENTH DEFENSE

96.     Ameriprise Financial exercised reasonable care to prevent, avoid, and/or correct any harmful, wrongful or unlawful conduct toward Plaintiff and/or putative class members.

### FIFTEENTH DEFENSE

97.     Plaintiff and/or putative class members unreasonably failed to take advantage of opportunities to prevent, mitigate, accommodate, and/or correct any conduct, problem, or complaint, including, without limitation, failing to take advantage of opportunities and procedures provided by Ameriprise Financial.

### SIXTEENTH DEFENSE

98.     As a separate and alternative affirmative defense, Ameriprise Financial alleges that the claims contained in the Complaint as to any particular but unnamed putative class member may be barred by any or all of the affirmative defenses contemplated by Rule 8 of the Federal Rules of Civil Procedure.  The extent to which such claims contained in the Complaint may be barred by one or more of said affirmative defenses not specifically set out above cannot be determined at this time, and Ameriprise Financial reserves its right to allege such affirmative defenses at an appropriate time.

## CONCLUSION

Wherefore, Defendant Ameriprise Financial requests that the Court grant the following relief:

1. Dismiss Plaintiff's Complaint with prejudice;

2. Award Defendant costs and disbursements incurred herein in defending against Plaintiff's action;

3. Award Defendant such other relief as the Court may deem just and proper.

Dated:  April 30, 2010                                                    DORSEY & WHITNEY LLP


By  s/ Zeb Curtin
   Melissa Raphan #0182795
   Edward B. Magarian #0208796
   Michael Iwan # 028628X
   Zeb Curtin #0352640
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone:  (612) 340-2600

Attorneys for Defendant
Ameriprise Financial Services, Inc.