UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rosalind Brown,                                              Civil No. 09-2413 (RHK/FLN)

          Plaintiff,

    v.                                                      **ORDER & REPORT AND RECOMMENDATION**

Ameriprise Financial Services, Inc.,

          Defendant.

---

Susan Anderson McKay for Plaintiff.
Melissa Raphan and Zeb-Michael Curtin for Defendant.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on July 22, 2011 on Defendant's Motion for Rule 11 Sanctions (ECF No. 48). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends the motion be **GRANTED in part** and **DENIED in part**.

## I. BACKGROUND

Plaintiff Rosalind Brown commenced this lawsuit alleging employment discrimination against Defendant Ameriprise Financial on behalf of herself, and a potential class of "at least 1,000" African-American Ameriprise employees. Of the three claims in her Complaint, Plaintiff asserted two, Claims 1 and 3, on behalf of the class. Plaintiff alleges in Count 1 that Defendant intentionally discriminated against Plaintiff and the class in violation of Section 1981 by "(1) paying African-American employees less than comparable Caucasian employees; (2) denying promotions to

qualified African-American employees on the basis of race; (3) giving African-American employees lower evaluations than Caucasian employees on the basis of race; and (4) denying African-American employees equal terms and conditions of employment." Plaintiff alleges in Count 3 that Defendant's "policies and practices for determining compensation" and Defendant's "policies and practices for determining promotions and job transfers" have a disparate impact on African-American employees in violation of Title VII.[1] In Count 2, Plaintiff alleges that Defendant intentionally discriminated against her in violation of Title VII.

The Complaint was filed on September 4, 2009, by Plaintiff's original counsel, John Drucker. (ECF No. 1.) On November 25, 2009, Mr. Drucker withdrew and was replaced by attorney Susan Anderson McKay. (ECF No. 2.) The original Complaint has never been amended.

Plaintiff appeared for a deposition in December of 2010. When questioned by Defendant's counsel, Plaintiff was unable to provide factual support for a number of allegations in her Complaint. (*See* Iwan Aff. Ex. C, Brown Dep. Excerpts, ECF No. 51-6; Summary in Mot. For Rule 11 Sanctions at 4-5, ECF No. 48.) In light of Plaintiff's deposition testimony, Defendant conducted research into the source of the allegations contained within Plaintiff's Complaint. Defendant determined that at least 75% of Plaintiff's Complaint was copied verbatim from the complaint in a completely unrelated case, *Abdallah v. Coca-Cola Co.*, Civil Action No. 1-98-CV-3679 (RWS) (N.D. Ga. 1998). (Mot. for Rule 11 Sanctions at 2, ECF No. 48.)

On March 15, 2011, Defense counsel sent a letter to Plaintiff's counsel revealing the fact that significant portions of the factual and legal allegations in Plaintiff's Complaint had been copied

---

[1] United States District Judge Richard H. Kyle dismissed Count 3 on April 16, 2010.

verbatim from the *Coca-Cola* complaint. In light of this discovery, and Plaintiff's deposition testimony, Defendant requested that Plaintiff withdraw her Complaint and dismiss the suit. Defendant stated that if Plaintiff did not do so by April 5, 2011, Defendant would file a motion for Rule 11 Sanctions seeking attorney's fees and dismissal. (Raphan Decl. Ex. 1, ECF No. 52-1.) Plaintiff declined to dismiss the suit. (Iwan Decl. Ex. D, ECF No. 51-7.) Defendant then served its Motion for Rule 11 Sanctions on Plaintiff's counsel on April 22, 2011, along with a letter repeating the request that Plaintiff dismiss her Complaint. (Raphan Decl. Ex. 2.) Defendant filed its Motion for Rule 11 Sanctions on May 13, 2011. (ECF No. 48.)

Defendant argues that Plaintiff and her counsel have advocated a copied and pasted Complaint, which makes factual allegations lacking evidentiary support, without having conducted a reasonable inquiry as required by Rule 11. Defendant asks the Court to dismiss Plaintiff's suit with prejudice and award Defendant reasonable attorney's fees.

## II.   LEGAL ANALYSIS

### A.   Rule 11 Standard

Rule 11(b) of the Federal Rules of Civil Procedure provides:

> By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . .
>
> (2) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b). The notes to Rule 11 make clear that "a litigant's obligations with respect to the contents of these papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those

3

pleadings and motions after learning that they cease to have any merit." Fed. R. Civ. P. 11, 1993 amendment notes.

Rule 11 allows a district court to impose an "appropriate sanction" when a party files a complaint in derogation of the responsibility to make a reasonable inquiry that the claims are warranted by existing law and that the allegations and other factual contentions have evidentiary support. *Chandler v. Norwest Bank Minn., N.A.*, 137 F.3d 1053, 1057 (8th Cir. 1998.) A sanction imposed under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). The sanction may include "nonmonetary directives" and "payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id.*

**B. Analysis**

The Court has reviewed the Complaint and concludes that many of the factual allegations supporting Plaintiff's class claims were copied and pasted directly from the *Coca-Cola* Complaint. Specifically, paragraphs 4, 5, 16(a)-(k), 17-23, 27, 28, 30-32, 35, 37-39, 43, 45, 48, 49, 53-57, 59-61, 63-67, and 75-82 are copied verbatim from the *Coca-Cola* Complaint, merely changing the names of parties. These paragraphs contain specific factual allegations about Defendant's employment practices. In paragraphs 3(b)-(f), 24-26, 34, 40, 41, 42, 44, 46, 47, 51 and 52, Plaintiff makes conclusory factual allegations regarding disparities in salary and employment between African-American and Caucasian employees. When compared to the *Coca-Cola* Complaint, it becomes clear that Plaintiff copied the conclusions verbatim from the *Coca-Cola* Complaint, but removed the employment and salary data upon which those allegations were based. It was clear at her deposition that Plaintiff was not aware of similar Ameriprise data to support those allegations. For example,

Paragraph 42 alleges, "[A]mong employees with one year of service at Ameriprise, the African-American average salary is less than the Caucasian average salary.  Among employees with five years of service, this gap between average salaries rises."  When questioned at her deposition, Plaintiff conceded that she had never seen any median salary information or comparisons of the salaries of African-American and Caucasian employees of Ameriprise.  *See* Brown Dep. at 465-68, Iwan Decl. Ex. C, ECF No. 51.)

It is clear to the Court that the vast majority of the factual allegations supporting Plaintiff's class claims were taken directly from the *Coca-Cola* Complaint, and describe the employment practices of that company, not Ameriprise.  This conduct violates Rule 11(b)(3)'s requirement that reasonable inquiry be made that the factual contentions contained within a pleading have factual support.

Though neither Plaintiff nor her current counsel originally drafted the Complaint, Rule 11 does not apply merely at the time of filing.  Rather, Rule 11 imposes an obligation not to continue to advocate claims after learning they had no merit.  Fed. R. Civ. P. 11, 1993 amendment notes.  Plaintiff testified at her deposition that she reviewed the Complaint before it was filed.  (Brown Dep. at 20-21.)  Additionally, while Plaintiff's current counsel did not draft and file the Complaint, she was retained within three months of the filing of the Complaint, in November 2009, and advocated the Complaint over the intervening years.  Plaintiff and her counsel served discovery requests related to the class claims and opposed Defendant's motion to dismiss.  At Plaintiff's deposition in December of 2010 it became clear that Plaintiff could not support many of the factual allegations contained within her Complaint, yet Plaintiff and her counsel did not take steps to amend those allegations.  Similarly, after receiving a letter from Defense counsel in March of 2011 revealing the

5

similarities to the *Coca-Cola* Complaint, Plaintiff and her counsel took no steps to remedy the Rule 11 violation. Plaintiff's only defense is that she has abandoned the class claims by failing to file for class certification by the March 1, 2011 deadline. (Pl.'s Mem. Opp. Mot. Sanctions at 1-2, ECF No. 73.)

The Court finds that these violations can be remedied by striking all class allegations and allegations about which Plaintiff has no personal knowledge from the Complaint, and requiring Plaintiff and her counsel to file a new complaint containing only individual claims. Further, the Court finds that requiring Plaintiff and her counsel to pay Defendant the reasonable attorney's fees incurred defending against the class claims will be a sufficient sanction to deter repetition of such conduct.

### III.   RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion for Rule 11 Sanctions (ECF No. 48) be **GRANTED in part** and **DENIED in part** as follows:

1. To the extent Defendant seeks dismissal of Plaintiff's class claims, the motion should be **GRANTED**. Count 1 of Plaintiff's Complaint should be dismissed only so far as it alleges discrimination against a class.

2. To the extent Defendant seeks dismissal of Plaintiff's individual claims, the motion should be **DENIED**.

3. To the extent Defendant seeks attorney's fees, the motion should be **GRANTED in part**. Plaintiff and Plaintiff's counsel should be ordered to pay Defendant a reasonable attorney's fee for having to respond to the class allegations.

## IV.  ORDER

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. All factual allegations that were copied from the *Coca-Cola* Complaint be stricken from the Complaint; specifically those allegations referenced in the first paragraph of part II.B. of this Order and Report and Recommendation.

2. Plaintiff was ordered from the bench to file new complaint by August 1, 2011, containing only individual claims and containing only factual allegations that have evidentiary support as determined by Plaintiff's counsel. Plaintiff has complied with this Order.

3. Defendant was ordered from the bench to submit an affidavit by August 1, 2011, setting forth the costs and fees it incurred in responding to and defending against the class claims and allegations that have been stricken by this Order. Defendant has complied with this Order.

DATED: August 3, 2011            *s/ Franklin L. Noel*
                                 FRANKLIN L. NOEL
                                 United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 17, 2011**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **August 17, 2011,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.