**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

Rosalind Brown, on behalf of herself and
all others similarly situated,

                        Plaintiffs,

                        Civ. No. 09-2413 (RHK/FLN)
                        **ORDER ADOPTING REPORT
                        & RECOMMENDATION IN
                        PART**

v.

Ameriprise Financial Services, Inc., f/k/a
American Express Financial Advisors, Inc.,

                        Defendant.

---

Susan Anderson McKay, McKay Law, Chicago, Illinois, for Plaintiff.

Melissa Raphan, Ryan E. Mick, Sarabeth Ackerman, Dorsey & Whitney LLP, Minneapolis, Minnesota, for Defendant.

---

**INTRODUCTION**

This matter is before the Court on Plaintiff's Objections (Doc. No. 140) to Magistrate Judge Noel's August 3, 2011 Report and Recommendation (the "R&R") (Doc. No. 119) regarding Defendant's Motion for Rule 11 Sanctions. For the reasons that follow, the Court will overrule the Objections, adopt the Report & Recommendation in part, and dismiss Plaintiff's Complaint with prejudice.

## BACKGROUND[1]

Plaintiff, an African-American, commenced this action in December 2009. In her three-Count Complaint, she alleged that Defendant, her former employer, had discriminated against her and other similarly situated African-American employees – numbering "at least 1000" (Compl. ¶ 15) – with respect to their terms and conditions of employment. The Complaint was both detailed and far-reaching, spanning 32 pages and 82 paragraphs, containing particularized allegations of specific (and allegedly discriminatory) policies and practices, covering conduct lasting more than a decade and concerning all levels of employment. Counts 1 and 3 asserted claims under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, respectively, on behalf of Plaintiff and the putative class; Count 2 asserted a Title VII claim on Plaintiff's behalf alone. The Complaint was signed by Plaintiff's former attorneys, but her current counsel substituted into this case shortly after it was filed. (See Doc. No. 2.)

In response to the Complaint, Defendant filed several Motions, seeking *inter alia* to streamline discovery regarding the class claims and to dismiss claims brought on behalf of certain class members; Plaintiff opposed these Motions. The Court granted the Motions in part and denied them in part (see Doc. No. 39), and certain class claims survived. Magistrate Judge Noel then held an initial pre-trial conference, after which he

---

[1] The Court notes that a party "may serve and file specific, written objections" to a Report and Recommendation with 14 days of service, but such objections "may not exceed 3,500 words." D. Minn. L.R. 72.2(a). Plaintiff clearly was aware of this restriction, as her word-count compliance certificate indicates that her Memorandum in Support of her Objections contains 3,499 words. (See Doc. No. 142-1.) Yet, concurrently with her Memorandum, Plaintiff also submitted an additional five-page document containing specific objections to the R&R (see Doc. No. 140), thereby flouting the word limit. Nevertheless, the Court has considered all of Plaintiff's filings challenging the R&R.

issued a scheduling Order setting March 1, 2011, as the deadline for Plaintiff to move for class certification and June 1, 2011, as the discovery cut-off. (See Doc. No. 45.)

The parties then proceeded with discovery, including class discovery, and on December 2 and 3, 2010, Defendant took Plaintiff's deposition. There, she was asked to provide the foundation for many of the specific allegations in her Complaint, but often she was unable to do so. For example, paragraph 43 of the Complaint alleged that "written guidelines permit employees at lower job grades to be paid more than employees at higher grades." Yet, Plaintiff acknowledged that she was unaware of any such "written guidelines." (Brown Dep. at 468.) Paragraph 41 of the Complaint alleged that "the median salary for African-Americans lags far behind the median salary for Caucasians. This gap increases at higher salary levels." Similarly, paragraph 42 alleged "among employees with one year of service at [Defendant], the African-American average salary is less than the Caucasian average salary. Among employees with five years of service, this gap between average salaries rises." But when asked whether she had ever had "occasion to look at median salaries for African-American employees and compare those to median salaries for Caucasians," Plaintiff answered in the negative, and she acknowledged that she had never seen any comparison of average salaries between employees with one or five years of service. (Id. at 466-68.) At other times, Plaintiff was asked about certain terms appearing in quotation marks in the Complaint – such as "management nomination" and "work relationships" (Compl. ¶¶ 3(c), 31) – but could not explain where those quoted terms came from or what they meant. (Brown Dep. at 410-

12, 455.) She also could not explain what was meant by the allegation in paragraph 34 that "performance is not linked to job title or education." (Id. at 461.)

In addition, certain portions of Plaintiff's testimony contradicted some of the Complaint's class-based allegations. For instance, she testified, "I don't think there's a significant representation of African-Americans among salaried employees" (id. at 419), even though the Complaint alleged that "[f]ew African-Americans advance to senior levels in the Company, especially when compared to *the significant representation of African-Americans among salaried employees*" (Compl. ¶ 3(d) (emphasis added)). Similarly, the Complaint alleged that Defendant engaged in a pattern and practice of denying opportunities for advancement to African-Americans who were more qualified for promotions than Caucasians. (See id. ¶ 3(c).) But when she was asked to identify an African-American (other than herself) who she "believe[d] was passed over for a promotion in favor of a less-qualified white candidate," she could not do so. (Brown Dep. at 410.)

Following this testimony, Defendant began to investigate. Ultimately, it discovered that Plaintiff's Complaint largely parroted that in another case, in another Court, brought by different plaintiffs against a different company more than a decade earlier: Abdallah v. Coca-Cola Co., Civ. A. No. 1-98-CV-3679 (N.D. Ga. filed Dec. 23, 1998). This is to say, the Complaint here does not simply track the legal theories or claims advanced in Coca-Cola, but rather copies large portions thereof verbatim, *including those regarding specific employment policies and practices*, particularly with respect to Plaintiff's class claims.

- 4 -

Defendant then wrote Plaintiff's counsel and asked her to dismiss the Complaint as not grounded in fact; Plaintiff refused.[2] Defendant then served (but did not file) a Motion for Sanctions under Rule 11 of the Federal Rules of Civil Procedure.[3] After Plaintiff maintained her refusal to dismiss the Complaint, Defendant filed the Motion, seeking dismissal of the Complaint and an award of fees and costs for Plaintiff's "detailed and precise allegations without evidentiary support and without having conducted a reasonable inquiry as required by Rule 11." (Doc. No. 50 at 2.)

Plaintiff filed a lengthy response arguing against dismissal. (See Doc. Nos. 73-93.) She asserted that Defendant had taken her deposition testimony out of context and argued that her testimony did, in fact, support both her class-based and individual claims. She also asserted that Defendant's failure to provide discovery had hampered her ability to proffer evidentiary support for her claims. (See Doc. No. 73 at 18-22.) Although she acknowledged that the "wording . . . in many respects is identical, particularly for the class based claims," between her Complaint and the one in Coca-Cola, she asserted that some modifications to the Coca-Cola Complaint had been made, rendering the instant Complaint consistent with the "circumstances of [Plaintiff's] employment." (Id. at 20.)

---

[2] Plaintiff's counsel responded by letter dated March 31, 2011, snidely stating: "While I appreciate your ability to research cases and documents, your conclusions are simply not that compelling." (Doc. No. 52-3.)

[3] A Rule 11 motion must be served upon the opposing party at least 21 days before it is filed. See Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates [the Rule]. The motion must be served . . . but . . . not . . . filed or . . . presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.").

Defendant's Motion was referred to Magistrate Judge Noel, who held a hearing on July 22, 2011. On August 3, 2011, he issued the R&R, recommending that the Motion be granted in part and denied in part. After reviewing the Complaint, he concluded that "many of the factual allegations supporting Plaintiff's class claims were copied and pasted directly from the Coca-Cola Complaint." (Id. at 4 (identifying paragraphs 4, 5, 16(a)-(k), 17-23, 27-28, 30-32, 35, 37-39, 43, 45, 48-49, 53-57, 59-61, 63-67, and 75-82, which "contain specific factual allegations about Defendant's employment practices," as "copied verbatim from the Coca-Cola Complaint, merely changing the names of the parties").) He also concluded that paragraphs 3(b)-(f), 24-26, 34, 40-42, 44, 46-47, and 51-52, containing "conclusory factual allegations regarding disparities in salary and employment between African-American and Caucasian employees," had been copied from Coca-Cola with the "employment and salary data upon which those allegations were based" simply deleted, and that Plaintiff "was not aware of similar data . . . to support those allegations" against Defendant. (Id.) At bottom, the Magistrate Judge found that "the vast majority of the factual allegations supporting Plaintiff's class claims were taken directly from the Coca-Cola Complaint, and describe the employment practices of that company, not [Defendant]." (Id. at 5.) As a result, he found a clear violation of Federal Rule of Civil Procedure 11(b)(3), which requires a "reasonable inquiry" into the factual allegations in a Complaint before it is filed, to ensure that those allegations enjoy "evidentiary support." (Id.)

Having found Rule 11 violated, Judge Noel proceeded to determine an appropriate sanction. He concluded it was proper to strike all of Plaintiff's class allegations from the

Complaint and recommended that she and her current counsel pay the attorneys' fees Defendant incurred defending the class claims. He also concluded that Plaintiff's individual discrimination claims should be permitted to stand. He ordered Defendant to itemize the fees incurred defending the class claims and Defendant duly complied, submitting a request for nearly $137,000. (See Doc. No. 117.)

Plaintiff now objects to the R&R.

## STANDARD OF REVIEW

When a party objects to a Magistrate Judge's recommended disposition of a dispositive motion, a District Judge must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); accord D. Minn. L.R. 72.2(b). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court need not conduct a hearing and "may consider the record developed before the Magistrate Judge and make a determination on the basis of that record." D. Minn. L.R. 72.2(b).

## ANALYSIS

At the outset, the Court fully agrees with and adopts Magistrate Judge Noel's factual findings regarding copying. Those findings can hardly be disputed – even Plaintiff acknowledges that there exist "remarkable similarities in phrasing" between the Complaint here and the one in Coca-Cola and, in fact, "in many respects [the two are] identical, particularly for the class based claims." (See Doc. No. 73 at 20.) Notably, at the hearing Judge Noel asked Plaintiff's counsel whether she "concede[d] that the

complaint is essentially copied from th[e] Coca-Cola case," and counsel responded, "[i]n many respects it is."  (7/22/11 Hear. Tr. (Doc. No. 143) at 19.)  Perhaps removing any doubt, the Complaint contains *a typographical error* found in the Coca-Cola Complaint (see Compl. ¶ 60 (misspelling "managers" as "mangers")), and borrows the phrase "Named Plaintiffs" (see heading before Compl. ¶ 36) when there is only one Plaintiff named in the Complaint here.  At bottom, the copying is both extensive and indisputable.  (See Doc. Nos. 51-1 to 51-4 (side-by-side comparison highlighting overlap between instant Complaint and Coca-Cola Complaint).)  Accordingly, the Magistrate Judge's conclusion that "the vast majority of the factual allegations supporting Plaintiff's class claims were taken directly from the Coca-Cola Complaint, and describe the employment practices of that company, not [Defendant]" (Doc. No. 119 at 4), is amply supported, if not mandated, by the record before him (and now before the undersigned).

Of course, copying itself is not inherently problematic.  Indeed, the Federal Rules of Civil Procedure provide form complaints for certain types of claims, and it would be perfectly appropriate for a plaintiff to copy one of those forms when drafting a complaint.  The problem here, however, is not that copying occurred, but rather *what* was copied: specific, detailed allegations regarding policies and procedures that were applicable to Coca-Cola but for which there is no evidence of applicability to the Defendant in this case.  As but merely one example, the Complaint alleged that "written guidelines permit employees at lower job grades to be paid more than employees at higher grades" (Compl. ¶ 43), a verbatim copy of paragraph 53 of the Coca-Cola Complaint, yet in her deposition

- 8 -

Plaintiff acknowledged that she was unaware of any such "written guidelines." (Brown Dep. at 468.)

The inescapable conclusion, therefore, is that this allegation, and many others in the Complaint, were copied wholesale from <u>Coca-Cola</u> without any foundation for those allegations to be asserted against Defendant here. For this reason, the undersigned agrees with Judge Noel that many of Plaintiff's allegations lack evidentiary support. Indeed, her counsel acknowledged at the hearing that there was a "problem" with the Complaint, in particular the dearth of support for certain class allegations. (<u>See</u> 7/22/11 Hear. Tr. at 20 ("THE COURT: [A]s I understand [Defendant's] complaint and [its] concern, there are very specific factual allegations about the demographics of the defendant, statistics relating [thereto] that they need to go investigate, apparently have at great expense, to find it has nothing to do with them. I guess are you – as you stand here, do you stand on the complaint, is the complaint a good complaint, or do you concede that there's a problem with it? MS. MCKAY: *Well, I think that there's – there might be a problem with a few aspects of the complaint with respect to the class.*") (emphasis added).) And although Plaintiff claims that Defendant has inaccurately portrayed her deposition testimony to make it appear that her assertions lacked foundation, the Court has reviewed the additional submitted portions of her deposition and concludes – as did Judge Noel – that they simply do not support the specific, precise, and detailed allegations found in the Complaint. Rule 11 sanctions, therefore, are warranted. <u>See</u> Fed. R. Civ. P. 11(b)(3) (by signing and filing pleading, party or her attorney certifies that "the factual contentions have evidentiary support" following a "reasonable inquiry"); Fed. R. Civ. P. 11(c)

(authorizing sanctions for violations of Rule 11(b)(3)); U.S. Bank Nat'l Ass'n v. U.S. Rent a Car, Inc., Civ. No. 10-3900, 2011 WL 3648225, at *7 (D. Minn. Aug. 17, 2011) (Tunheim, J.) (Rule 11 "empowers federal courts to sanction parties who submit pleadings with factual contentions lacking evidentiary support"); Greenfield v. U.S. Healthcare, Inc., 146 F.R.D. 118, 121, 126-29 (E.D. Pa. 1993) (imposing Rule 11 sanctions for copying allegations from one complaint into another).

Plaintiff argues that the Magistrate Judge erred in recommending sanctions. She claims that because she never moved for class certification and the deadline to do so has passed, sanctions related to the class claims are "not available," because she "effectively abandoned" those claims. (Pl. Mem. at 3-4.) In other words, Plaintiff posits that sanctions are "no longer available [once] claims . . . have been judicially disposed of." (Pl. Mem. at 6.) There are several problems with this argument.

First, Plaintiff ignores that the class claims here were *not* "judicially disposed of," but rather became moot only after she failed to move for class certification. Second, and of more importance, the Supreme Court has rejected the argument that dismissal or other disposition of a plaintiff's claim strips a court of authority to impose sanctions under Rule 11. In Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990), the plaintiff voluntarily dismissed its complaint in response to the defendant's Rule 11 motion. The Supreme Court held that the district court retained jurisdiction to impose sanctions notwithstanding the voluntary dismissal, since a "violation of Rule 11 is complete when the [offending] paper is filed." Id. at 395. Indeed, "[b]aseless filing puts the machinery of justice in motion, burdening courts and individuals alike with needless expense and delay. Even if

- 10 -

the careless litigant quickly dismisses the action, the harm triggering Rule 11's concerns has already occurred." Id. at 398. The same is true here.[4]

Regardless, even if the Court were precluded from imposing sanctions under Rule 11, it nevertheless enjoys the inherent power to sanction Plaintiff for "abusive litigation practices," Roadway Express, Inc. v. Piper, 447 U.S. 752, 765 (1980), or conduct that "abuses the judicial process," Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991). By near-wholesale copying of the allegations from a complaint against a different defendant, in a different court, in a different industry, for conduct occurring in a different decade, and adopting those assertions as her own, Plaintiff has essentially "undermined the integrity of the judicial process by lying to the court." Hairston v. Alert Safety Light Prods., Inc., 307 F.3d 717, 721-22 (8th Cir. 2002) (Loken, J., dissenting). Inherent-power

---

[4] Three years after Cooter & Gell, Rule 11 was amended to add the 21-day "safe harbor" discussed above. (See supra note 3.) But that amendment does not affect the Court's analysis. As noted in VanDanacker v. Main Motor Sales Co., 109 F. Supp. 2d 1045, 1052 (D. Minn. 2000) (Doty, J., adopting Report & Recommendation of Mason, M.J.), the 1993 amendments were procedural and merely altered "the timing requirements of Rule 11." Sanctions remain appropriate under the revised rule when an offending party "fails to *withdraw* the opposed pleading" during the 21-day "safe harbor." Id. at 1054 (emphasis added); Fed. R. Civ. P. 11 advisory committee's note to 1993 amendments (safe harbor applies "unless, after receiving the motion, [a party] refuses to withdraw" unsupported assertion). Here, Plaintiff *flatly refused to withdraw the unsupported allegations in her Complaint in the face of Defendant's Motion*, and indeed she continues to argue that they were asserted appropriately. This provides a sufficient basis for sanctions. See, e.g., Del Giudice v. S.A.C. Capital Mgmt., LLC, Civ. A. No. 06-1413, 2009 WL 424368, at *9 (D.N.J. Feb. 19, 2009) (sanctions warranted despite attorney "ceas[ing] to advocate" baseless claims; "This assertion, without a corresponding withdrawal of the offending document, does not expunge the[] initial wrongdoing in filing the Amended Complaint."); see also R&A Small Engine, Inc. v. Midwest Stihl, Inc., 471 F. Supp. 2d 977, 978-79 (D. Minn. 2007) (Doty, J.) (recognizing authority to impose Rule 11 sanctions following summary judgment); Boyer v. KRS Computer & Bus. Sch., Civ. No. 00-1039, 2001 WL 1090237, at *1 (D. Minn. Sept. 17, 2001) (Kyle, J.) (same); Kinney v. Cnty. of Hennepin, Civ. No. 02-963, 2002 WL 31163092, at *2-3 (D. Minn. Sept. 25, 2002) (Tunheim, J.) (recognizing authority to impose Rule 11 sanctions after voluntary dismissal).

- 11 -

sanctions are appropriate in such circumstances. E.g., Martin v. DaimlerChrysler Corp., 251 F.3d 691, 694 (8th Cir. 2001).

Plaintiff also argues that sanctions are unwarranted due to Defendant's "failure to provide discovery." (Pl. Mem. at 7.) She claims the sanctions Motion improperly asserted "that Plaintiff lacked evidence even though they [*sic*] had sole possession of the documents that could either support or refute Plaintiff's claims." (Id.) But this argument puts the cart before the horse. "A plaintiff must adequately plead a claim before obtaining discovery, not the other way around. [D]iscovery is not to be used to find a cause of action." In re Medtronic, Inc. Sprint Fidelis Leads Prods. Liab. Litig., MDL No. 08-1905, 2009 WL 294353, at *2 (D. Minn. Feb. 5, 2009) (Kyle, J.) (internal quotation marks and citation omitted), aff'd, 623 F.3d 1200 (8th Cir. 2010). Plaintiffs are not permitted to assert first, without basis, and discover later. Micro Motion, Inc. v. Kane Steel Co., 894 F.2d 1318, 1327 (Fed. Cir. 1990) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable *without discovery*, not to find out if it has any basis for a claim.") (emphasis in original). "Since [Rule 11] requires . . . a reasonable [pre-filing] inquiry, a party filing a complaint hoping that discovery will reveal facts supporting the allegations may be sanctioned." Bryant v. Brooklyn Barbeque Corp., 130 F.R.D. 665, 669 (W.D. Mo. 1990). And, a plaintiff cannot avoid sanctions through the fortuity that some of her unsupported factual allegations later turn out to be accurate. "A shot in the dark is a sanctionable event, even if it somehow hits the mark." Vista Mfg., Inc. v. Trac-4, Inc., 131 F.R.D. 134, 138 (N.D. Ind. 1990).

Simply put, Plaintiff was required to have a reasonable factual basis for her claims, but instead copied huge swaths from a complaint in a different case against a different defendant. She cannot blame Defendant's alleged discovery failures for her own misconduct. See Fed. R. Civ. P. 11(b)(3) (requiring a "reasonable inquiry" into the factual allegations in a Complaint to ensure that they enjoy "evidentiary support").[5]

For all of the foregoing reasons, the Court determines that Plaintiff violated Rule 11 by filing a Complaint which she knew or should have known lacked evidentiary support for many (if not most) of its allegations. "If a court finds that Rule 11 has been violated, it *must* impose a sanction." Carman v. Treat, 7 F.3d 1379, 1382 (8th Cir. 1993) (emphasis added). The only remaining question, therefore, is the appropriate sanction to be imposed.

A district court enjoys "broad discretion" in determining an appropriate sanction under Rule 11, Coonts v. Potts, 316 F.3d 745, 753 (8th Cir. 2003), although the chosen one "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated," Fed. R. Civ. P. 11(c)(4). The available options include both monetary and non-monetary penalties, up to and including dismissal of the complaint with prejudice. See Fed. R. Civ. P. 11(c)(4); Carman, 7 F.3d at 1382 (affirming dismissal with prejudice as sanction under Rule 11); Peerless Indus. Paint

---

[5] Rule 11 leaves open the door for plaintiffs to allege claims "*likely* to have evidentiary support after a reasonable opportunity for further investigation or discovery," but such claims must be "specifically so identified" in a complaint. Fed. R. Civ. P. 11(b)(3) (emphasis added). Nearly all of the copied language in the Complaint here contains no such qualifying language.

Coatings Co. v. Canam Steel Corp., 979 F.2d 685, 687 (8th Cir. 1992) (*per curiam*) (same).[6]

Here, while Defendant requested dismissal of the Complaint in its entirety, Judge Noel recommended striking Plaintiff's class-based allegations and awarding fees for defending the groundless class claims in the Complaint. It is at this point that the undersigned's analysis departs from that of the Magistrate Judge. Judge Noel clearly was attempting to compensate Defendant for the costs occasioned by Plaintiff's conduct and was no doubt aware that dismissal is a harsh sanction, to be employed sparingly. See, e.g., Chrysler Corp. v. Carey, 186 F.3d 1016, 1020 (8th Cir. 1999). His recommendation

---

[6] Sanctions under Rule 11 typically are imposed on the attorney signing the improper pleading. E.g., Tenkku v. Normandy Bank, 348 F.3d 737, 744 (8th Cir. 2003). But the Rule expressly authorizes a court to impose sanctions on "any attorney, law firm, *or party*" that has violated Rule 11(b). Fed. R. Civ. P. 11(c) (emphasis added); accord, e.g., Byrne v. Nezhat, 261 F.3d 1075, 1106 (11th Cir. 2001) ("Although typically levied against an attorney, a court is authorized to issue Rule 11 sanctions against a party even though the party is neither an attorney nor the signor of the pleadings."); United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 948 F.2d 1338, 1344 (2d Cir.1991) ("Rule 11 subjects the client . . . to sanctions even if he has not signed the offending paper."); Sanders v. Tyco Elecs. Corp., 235 F.R.D. 315, 322 (W.D.N.C. 2006) ("[P]ursuant to . . . Federal Rule of Civil Procedure 11, the undersigned may impose sanctions on a party who is or was represented by counsel."). Notably, Plaintiff acknowledged in her deposition that she spent "more than one day" reviewing the Complaint and went "back and forth" suggesting changes to her then-counsel before it was filed. (Brown Dep. at 19-21.) The Court concludes, therefore, that Plaintiff knew (or should have known) that the Complaint contained mistruths, which justifies sanctions against her directly. E.g., Byrne, 261 F.3d at 1118 (sanctions against party appropriate if "she knew or should have known that the allegations in the complaint were frivolous"); Union Planters Bank v. L&J Dev. Co., 115 F.3d 378, 384-85 (6th Cir. 1997) (affirming Rule 11 sanctions against parties for "knowingly bringing and pursuing claims devoid of evidentiary support"); Calloway v. Marvel Entm't Grp., 854 F.2d 1452, 1474 (2d Cir. 1988) (sanctions may be imposed on represented party with "actual knowledge that the filing of the papers constituted wrongful conduct, *e.g.*, the papers made false statements"), rev'd on other grounds *sub nom.* Pavelic & LeFlore v. Marvel Entm't Grp., 493 U.S. 120 (1989). Further, the misconduct here is made all the more egregious by the fact that Plaintiff is an attorney with litigation experience. (See Brown 6/24/11 Aff. ¶ 2; McKay 6/24/11 Decl. Ex. 2 at 8.) She is thus "held to a higher standard," which is "[a]nother factor that justifies the imposition of sanctions against" her. Banco Portugues Do Atlantico v. Magi France, Ltd., No. 88 Civ. 5221, 1990 WL 16109, at *3 (S.D.N.Y. Feb. 14, 1990).

is thus understandable. "But the primary purpose of Rule 11 sanctions is to deter attorney and litigant misconduct, not to compensate the opposing party for all of its costs in defending." Kirk Capital Corp. v. Bailey, 16 F.3d 1485, 1490 (8th Cir. 1994); accord, e.g., Carey, 186 F.3d at 1022 ("Sanctions are 'not merely to penalize those whose conduct may be deemed to warrant such a sanction, but [also] to deter those who might be tempted to such conduct in the absence of such a deterrent.'") (quoting Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976) (*per curiam*)).

In this case, Plaintiff – an attorney – filed a far-reaching Complaint on behalf of herself and hundreds of others, leveling serious allegations of systemic discrimination by Defendant, including a bevy of specific discriminatory policies and practices allegedly enforced against African-Americans. She lacked a factual foundation for many of these allegations, which were actually copied from a Complaint in a long-dismissed case in a different court against a different defendant. As noted above, this conduct undermined the integrity of the judicial process, as it was tantamount to lying to the Court. Defendant asserts that the effect of these baseless allegations was substantial:

> By filing and advocating the class allegations lifted from the Coca-Cola case, Plaintiff and her counsel compelled Defendant to prepare for and defend a much broader, and correspondingly more expensive, action. From document retention obligations, to the scope of discovery, to the need for a Rule 12 motion to dismiss allegations that never had any legitimate factual basis, to the need for [the Rule 11] Motion, the actions of Plaintiff and her counsel have imposed a heightened and undue burden on Defendant.

(Doc. No. 50 at 15-16.) The Court agrees. And in its view, Plaintiff's conduct warrants the sternest of sanctions: dismissal of the Complaint.

Notably, the Eighth Circuit has repeatedly affirmed the sanction of dismissal for such (or similar) malfeasance. See, e.g., Carman, 7 F.3d at 1381-82 (affirming dismissal of plaintiff's complaint with prejudice under Rule 11 for "making allegations that had no basis in fact"); Joiner v. Delo, 905 F.2d 206, 208 (8th Cir. 1990) (same); Am. Inmate Paralegal Ass'n v. Cline, 859 F.2d 59, 62 (8th Cir. 1988) (*per curiam*) (dismissal appropriate under Rule 11 even when certain of plaintiffs' contentions might have had merit, due to numerous other frivolous submissions). Other courts have reached the same conclusion. See, e.g., Del Giudice v. S.A.C. Capital Mgmt., LLC, Civ. A. No. 06-1413, 2009 WL 424368, at *10-12 (D.N.J. Feb. 19, 2009) (dismissing complaint predicated on unfounded factual allegations as Rule 11 sanction); Kemin Foods, L.C. v. Pegmentos Vegetales del Centro S.A. de C.V., 384 F. Supp. 2d 1334, 1356 (S.D. Iowa 2005) (dismissing counterclaim with prejudice under Rule 11 where defendant "asserted, and later defended, its allegations that [the plaintiff] violated a nonexistent noncompete agreement"). The same result is appropriate under the Court's inherent powers. See Martin, 251 F.3d at 694-95; Pope v. Fed. Express Corp., 974 F.2d 982, 984 (8th Cir. 1992).

The Court does not believe that the lesser sanction of a fee award would be a sufficient deterrent. Putative class actions, such as the instant case, create a risk that defendants – particularly large corporate ones, like Defendant here – will be forced into "in terrorem settlements." AT&T Mobility LLC v. Concepcion, __ U.S. __, 131 S. Ct. 1740, 1752 (2011). While a fee award might have some possible deterrent effect, unscrupulous plaintiffs (or their attorneys) could be willing to take that chance in the

hope of extracting a settlement before the baseless nature of their claims is uncovered. See Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347-48 (2005).  Defendants should not be required to defend such groundless cases, even with the possibility of recouping some (or all) of their fees.

Here, by pressing claims lacking factual support, the Court is left with the impression "that [Plaintiff's] strategy [was] to strong-arm a settlement by *in terrorem* claims, rather than to vindicate [her] legal entitlements."  Westfield Ins. Co v. Sheehan Constr. Co., 564 F.3d 817, 820 (7th Cir. 2009).  Dismissal is appropriate for this reason, and to protect the integrity of the judicial process.  See Carey, 186 F.3d at 1022 (affirming order striking defendants' answer and entering default judgment despite availability of monetary sanction when defendants "abuse[d] the judicial process" by denying existence of conversations and documents that had in fact occurred and did in fact exist); Pope, 974 F.2d at 984 (dismissal warranted where plaintiff knowingly used manufactured document to support her claims).[7]

---

[7] The Court concludes, however, that dismissal of the Complaint is a sufficiently stern sanction that an award of attorneys' fees is unwarranted.  Notably, this takes Plaintiff's current counsel "off the hook" for Judge Noel's proposed fee award, which he had recommended imposing on Plaintiff and counsel *jointly*.  (See R&R at 6.)  Nevertheless, counsel should not interpret this decision as a tacit endorsement of her conduct.  While it is true that current counsel did not draft the Complaint, she continued to advocate it long after it was filed.  Indeed, she subjected herself to Rule 11 sanctions simply by appearing in this case on Plaintiff's behalf.  See, e.g., Turner v. Sungard Bus. Sys., Inc., 91 F.3d 1418, 1421 (11th Cir. 1996) ("By appearing in this case, [plaintiff's substitute counsel] affirmed to the court that the case had arguable merit.  In this sense, it was as if [she] had refiled the complaint.  To use Rule 11's words, [s]he was 'later advocating' that the 'factual contentions [in the complaint] have evidentiary support.'"); Carswell v. Air Line Pilots Ass'n, Int'l, 248 F.R.D. 325, 329 n.4 (D.D.C. 2008).  An attorney substituting into a case after its commencement is no less obligated than the attorney who filed it to reasonably ensure that the complaint's contentions rest on a proper factual foundation.  Id.; Fed. R. Civ. P. 11(b)(3).  The Court is left with the distinct impression that did not occur here.

## CONCLUSION

For the reasons set forth above, the Court determines that the conduct at issue in this case – near-wholesale copying of a Complaint with no showing of applicability to the Defendant here – is sufficiently egregious to warrant the "ultimate sanction" of dismissal. Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED**:

1. Plaintiff's Objections (Doc. No. 140) to Magistrate Judge Noel's August 3, 2011 Report and Recommendation are **OVERRULED**;

2. The Report and Recommendation (Doc. No. 119) is **ADOPTED IN PART**. In particular, the Report and Recommendation is adopted to the extent it finds that Rule 11 sanctions are warranted due to Plaintiff's extensive copying from the Coca-Cola Complaint; and

3. Defendant's Motion for Rule 11 Sanctions (Doc. No. 48) is **GRANTED IN PART**, and Plaintiff's Complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: September 7, 2011             s/Richard H. Kyle
                                    RICHARD H. KYLE
                                    United States District Judge